## HOLMES v. WITTY, appellant.

*Bill of exchange.*

Action upon a bill of exchange, drawn by Robert H. Hall, upon and accepted by the defendant, and payable, four months after date, to the order of the plaintiffs. The answer alleged that the bill was not accepted for value, and that plaintiffs and Hall conspired to procure the acceptance, for the purpose of defrauding the defendant. The referee found that the said bill of exchange was accepted by the defendant for value, and, so accepted, was taken by the plaintiffs in payment for goods by them manufactured and sold and delivered to said Hall, to the amount of the sum named in the bill of exchange; that the said indebtedness had become due and payable before the date of the bill; that the said goods were used by Hall under an agreement with the defendant, whereby said defendant agreed to take the management and control of the sale of certain sleigh bells, and was to be allowed to make his draft on said defendant to the extent of the first cost of all goods sold, and that the bill of exchange was drawn and accepted for the first cost of said goods; that there was a good consideration for the making and acceptance of the said bill of exchange between said Hall and said defendant, and that there was no conspiracy between plaintiffs and Hall. *Held,* that the testimony sustains the findings of fact, and there are no valid exceptions to the admission of evidence. The case of *Central Bank* v. *Hammett,* 50 N. Y. 158, is not in point. There the bill of exchange was received by the holder from the drawees. The presumption of law being that the drawee is indebted to the drawer, there was no apparent right in the drawee to discount the bill for his own benefit; and the real fact in that case was in accordance with the presumption of law. In the case at bar, the plaintiffs received the bill from the drawer, who was both the apparent and the real owner. The bill was accepted by the defendant for the express purpose of being transferred to the plaintiffs. The referee finds it was so transferred upon a good consideration. But even if the original consideration was defective there was nothing to put plaintiffs upon inquiry. It is said they had notice that monthly statements had not been supplied to defendant as agreed; but that right was waived when defendant accepted the bill.

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee.

*Crooke, Bergen & Clement,* for appellant.

*James S. Stearns,* for respondent.

PRATT, J., delivered the opinion, which is given in full in the head-note.

*Judgment affirmed.*